[L. A. No. 6730. In Bank.—August 10, 1921.]

In the Matter of the Estate of GEORGE W. HOUK, Deceased. CITY OF OCEANSIDE, Appellant, v. MARGARET HOUK MOODY et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—CHARITABLE BEQUEST TO MUNICI-PALITY—EXCLUSION FROM PROVISO OF SECTION 1313, CIVIL CODE.—A bequest to the use of a municipality of the state for the erection of a purely municipal improvement is not within the proviso of section 1313 of the Civil Code, which declares that bequests and devises to the state, or to any state institution, or for the use or benefit of the state, or any state institution, are excepted from the restrictions of the section.

[2] ID.—CONDITIONAL BEQUEST—DUTY OF MUNICIPALITY.—Under a will
directing a trustee to pay to a municipal corporation an amount
that may be necessary, but not in excess of a stated amount, for
the building of a pleasure pier, provided that the city donates a
like sum and that the pier be built within three years after the
death of the testator, the city is not entitled to have the maximum
amount sequestered for its benefit, until it has shown compliance
with the condition of the bequest.

APPEAL from a judgment of the Superior Court of Los
Angeles County denying an application for distribution.
James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. L. Richardson for Appellant.

Donald Barker and Wm. H. Neblett for Respondents.

SLOANE, J.—The city of Oceanside is attempting by this
action to have a certain fund set aside to its use under the
last will of one George W. Houk.

The will under which the plaintiff claims, after making
certain personal bequests, gives, devises, and bequeaths the
residue of the estate to a trustee ''to have and to hold in
trust for the uses and purposes and with the powers herein-
after stated.''

Among the subsequent provisions is the following:

''My said Trustee shall, subject to the conditions herein-
after mentioned, pay to the city of Oceanside, county of San
Diego, State of California, such sum that may be necessary,
up to, but not in excess of, the sum of One Hundred Thou-
sand Dollars ($100,000.00) providing said city of Oceanside
donates a like sum, and providing further that said city
builds within three years after my death with said money,
a pleasure pier, the site to be selected by my Trustee. Upon
the failure of the said city to perform said conditions, then
the said sum shall be distributed with the residue of the
trust property.''

Without having taken any steps to perform or guarantee
the conditions imposed upon the municipality precedent to
the enjoyment of this fund, the city of Oceanside brings this
action to obtain an order of court distributing to the trustee

for the purposes of this use the sum of one hundred thousand dollars.

The appeal is from the order of court denying this application.

The grounds of objection interposed by the defendants, representing the estate, are: (1) That the attempted bequest is invalid under the provision of section 1313 of the Civil Code that "no estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society or corporation, or to any person in trust for charitable uses, except the same be done by will duly executed at least thirty days before the decease of the testator"; (2) That if valid in its creation, the trust was not effective or operative for any purpose until the city of Oceanside had qualified to receive the benefits by providing a like fund as specified in the will; (3) That the bequest is void for uncertainty in that it cannot be determined therefrom the amount necessary for the purpose designated; (4) That the trust is not one that is authorized under section 857 of the Civil Code or any other provision of said code.

The testator died within thirty days of the execution of this will and it is conceded by appellant that the trust declared is for a charitable use.

[1] Appellant, however, relies upon the amendment of section 1313 by the legislature of 1917 (Stats. 1917, p. 272), to take this bequest out of the thirty days' limitation of the statute. The provision of the amendment is "that bequests and devises to the state, or to any state institution, or for the use or benefit of the state or any state institution, are excepted from the restrictions of this section."

It would require an unjustifiable exercise of construction by implication to extend this proviso to cover a bequest to the use of a municipality of the state for the erection of a purely municipal improvement.

The city of Oceanside, or the city of San Francisco, or the city of Los Angeles, is not the state nor a state institution.

It is true that cities and counties are agencies of the state, and for certain purposes branches of the state government, and they are state institutions in the general sense that they are organized by state authority and for state purposes.

We have, however, agencies of the state for certain limited and specific purposes, such as prisons, hospitals, asylums,

and similar establishments, which are officially known as
state institutions, both under the constitution and the stat-
utes. (Const., art. X; art. IV, sec. 22; Pol. Code, tit. V.)
In *Chalfant* v. *State*, 37 Ohio St. 60, state institutions are
defined as institutions belonging to and owned by the state
and not such as might belong to particular municipalities.

Municipalities are under the law classified by themselves
and we doubt if an instance can be found where a municipal
corporation is defined or classified by statutory enactment or
judicial construction under the term "state institution."

Counsel for appellant places special stress upon the clause
of the amendment referring to bequests "for the use
or benefit of the state." It cannot be disputed that any-
thing in the way of municipal improvement which bene-
fits the municipality benefits the state as a whole. This
would be the case were the beneficiary of that aid
a private hospital, or charity of any kind which helped
to carry the public burden, but that is obviously not what
is meant by this provision of section 1313. When it is read
with its context it will be apparent that the words "state"
and "state institution" are to be read in the clause referred
to precisely in the sense used in the preceding clause as re-
ferring to bequests directly to the state or in trust for the
benefit of the state; directly to, or in trust for the benefit of,
any state institution.

It may be admitted that every reason of public policy
would seem to favor applying the same exception of the
statute against this thirty days' limitation to bequests to
municipalities and municipal institutions as to the state and
state institutions, but the very obviousness of this implication
makes it unlikely that the legislature, if it had any such pur-
pose in mind, would have failed to put it in the language
which would be so naturally suggested. It can hardly be
imagined if the legislature had intended to include munici-
palities in this amendment that it would have failed to say
so, by the addition of the simple word "municipality," which
would have fairly obtruded itself upon them in framing this
statute.

[2] In any event, we see no escape from the second ob-
jection interposed by respondent, namely, the admitted fact
that the city of Oceanside at the time of bringing this pro-
ceeding had taken no steps to perform the condition prece-

dent to any claim on this bequest. Under the terms of the will the city could only become entitled to this fund or any part of it upon performance of the condition that it raise a like amount to be devoted to the same purpose. That the bequest was to fail entirely if this was not done is shown by the last clause of the provision fixing a time limit within which the bequest could be made available. It is provided that upon failure of the city to perform the conditions, then the sum shall be distributed with the residue of the trust property. This clearly indicates that it was not to be severed from the balance of the residuary estate left to the trustee, unless or until these conditions were met.

It could not even be determined what sum the appellant would be entitled to until it had in some way signified the amount it would subscribe to the building of a pier, and what amount would be necessary for that purpose.

The trust fund provided by the will was not the fixed sum of one hundred thousand dollars, but an amount necessary for such construction not to exceed one hundred thousand dollars, and that, only to the extent that the city of Oceanside duplicated the amount claimed from the estate by its own contribution.

While it is true the petitioner was not asking in this proceeding for a distribution of the fund to itself, but only that it be placed in the hands of the trustee subject to said use, we are satisfied that until some steps had been taken to fix the amount to which the city would be entitled, and to perform the conditions without which it would not be entitled to anything, that no right existed to require any sequestration of this fund in its behalf.

In view of the conclusions reached as to the points discussed, it is unnecessary to consider the other matters of defense presented by respondents.

The judgment is affirmed.

Lennon, J., Angellotti, C. J., Shaw, J., Lawlor, J., and Shurtleff, J., concurred.